David J. Zubkoff, Esq. (SBN 149488)
zubkoff@scmv.com
Kathryn B. Quarles, Esq. (SBN 254856)
quarles@scmv.com
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:  (619) 685-3003
Facsimile:  (619) 685-3100

Attorneys for Defendant
EXECUTIVE RISK INDEMNITY INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL INSURANCE COMPANY, an Illinois corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>EXECUTIVE RISK INDEMNITY, a Delaware corporation; and DOES 1 through 50,<br><br>        Defendants. | CASE NO.: SACV12-509-AG(MLGX)<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER**<br><br><br>JUDGE: ANDREW J. GUILFORD<br>DEPT.: 10D |

   **Whereas** this action presents a dispute among insurers regarding the defense of a mutual insured in an underlying lawsuit currently pending against the insured;

   **Whereas** resolution of the action will necessitate disclosure by, to, between, and among the insurers, and possible use at trial and in other proceedings in this action, of information (a) that relates to the defense of, and/or the insured's insurance coverage with respect to, the underlying lawsuit and (b) as to which the attorney-client privilege, work-product doctrine, and rights of privacy may afford protection to the insureds; and

   **Whereas** the parties to this action desire to establish a mechanism, for the conduct of discovery and other proceedings in this action, that will facilitate disclosure and use of such information exclusively for the purposes of this action, with minimum inconvenience to the Court, and without destroying protections that might operate to

shield such information from disclosure to persons[*] to whom such information has not already been disclosed;

**Wherefore it is hereby stipulated and agreed** by and between the parties to this action, and subject to the approval of the Court, that:

## STIPULATION

1.  **Definitions.**  As used herein, (a) "VMRC" shall mean Valley Mountain Regional Center; (b) "the insureds" shall mean VMRC, Richard Jacobs, and Tara Sisemore-Hester; (c) "*the Z.F. lawsuit*" shall mean case nos. 2:08-CV-00855 and 2:10-CV-00523 filed in the United States District Court for the Eastern District of California; (d) "the insurers" shall mean the insurance companies that have been involved in defending the insureds in *the Z.F. lawsuit* (presently understood to include Markel Insurance Company, Executive Risk Indemnity Inc., and General Insurance Company of America); (e) "the action" and "this action" shall mean the above-captioned action; (f) "the Court" shall mean the court presiding over this action; (g) "this Order" shall mean an order of the Court adopting this stipulation in substantially the form set forth herein; and (h) "Confidential Material" shall mean information (i) that relates to the defense of, and/or VMRC's insurance coverage with respect to, *the Z.F. lawsuit* and (ii) as to which a good faith basis exists to believe that the attorney-client privilege, work-product doctrine, rights of privacy, and/or other privileges, doctrines, and rights relating to confidentiality (collectively, "privileges") might afford confidentiality protection to any of the insureds.

2.  **Designating information as "Confidential Material."**  Any person who produces or otherwise discloses in this action information that such person has reason to believe might be deemed to be Confidential Material shall, at the time of disclosure, designate such information as Confidential Material by affixing the legend:

> "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in Case No. SACV12-509, United States District Court, Central District of California"

---

[*] Including, e.g.: the plaintiffs and their counsel in the underlying lawsuit.

to the page(s) containing such information. In instances in which such information is disclosed at a deposition or at trial, it may be designated as Confidential Material by indicating on the record, at the time of the testimony, that the testimony and/or exhibit is "confidential" and subject to the provisions hereof. A party may also designate information disclosed at a deposition as Confidential Material by notifying the other part(ies) to the action in writing, within twenty days after receipt of the final transcript by the deponent or the deponent's counsel, of the specific pages and lines of the transcript that contain Confidential Material. The court reporter recording such testimony shall be instructed to separately bind the portions of the transcript and exhibits that contain or refer to information designated as Confidential Material, and to place on the first page of each such bound portion the following legend:

> "This transcript contains information designated 'Confidential' pursuant to court order in the matter entitled *Markel Insurance Company v. Executive Risk Indemnity,* case no. SACV12-509, United States District Court, Central District of California, and is not to be disclosed to any person to whom its disclosure is not expressly permitted by such order."

**3. Restrictions regarding disclosure and use of information designated as Confidential Material, generally.** No information designated as Confidential Material and disclosed in this action shall be used for any purpose other than in connection with this action; nor shall disclosure or use of any such information affect any privileges affording confidentiality protection to such information. A party disclosing or using such information shall take reasonable steps, including those set forth herein, to preserve the information's confidentiality.

**4. Restrictions regarding persons to whom information designated as Confidential Material may be disclosed.** Absent consent, expressly in writing or on the record in a deposition or in open court, from the person(s) designating information as Confidential Material, no information so designated shall be disclosed or otherwise made available to any person other than:

    a.    The Court; any court reporter or videographer recording testimony in the action; counsel of record† for a party in the action, or for the insureds in *the Z.F. lawsuit*; a party to the action, including any officer, director, or employee of a party to whom it is deemed reasonably necessary that the designated information be disclosed in connection with that individual's role as a witness, potential witness, source of potentially relevant information, or decision maker in connection with the action; insurance regulators and/or re-insurers; and, if and to the extent not included among the persons described in this category 4(a):

    b.    Any of the following persons to whom and to the extent counsel of record in this action deems it reasonably necessary that such information be disclosed in connection with that individual's role as a witness, potential witness, or source of potentially relevant information in connection with the action:  a person identified as an author, sender, addressee, or copy recipient of the information being disclosed; a former employee of VMRC, of its counsel of record in *the Z.F. lawsuit*, or of any of the insurers; a witness at any deposition or other proceeding in this action; and counsel to any of the persons described in this category 4(b);

    c.    Any person engaged by a party to the action, or by its counsel of record in the action, as an independent consultant or expert with respect to the action; and

    d.    Any mediator or arbitrator selected by the parties to the action;

provided, however, that before information designated as Confidential Material may be disclosed to a person described in categories 4(b), (c), or (d), that person must first be provided with a copy hereof and must sign and date a non-disclosure agreement in the form of Attachment A hereto, a copy of which shall be maintained by counsel of record for the party making such disclosure.

**5. Restrictions regarding filing of information designated as Confidential Material.** No information designated as Confidential Material shall be filed or otherwise disclosed in the public record, except as ordered by the Court and (in the case of a filing) without first having been submitted to the Court for filing under seal in accordance with Rule 26(c)(1)(H) of the Federal Rules of Civil Procedure and Rule 79-

---

†Including paralegal, secretarial, clerical, and accounting staff employed by such counsel.

5 of the Local Rules for the United States District Court for the Central District of California.

**6. Additional provisions.** Notwithstanding any indication herein to the contrary, and except as otherwise ordered by the Court:

 a. This Order shall be without prejudice to the right of any party to this action to oppose disclosure or introduction in evidence of any item(s) of information based on grounds[‡] other than the information's status as Confidential Material; provided, however, that the fact that any privileges potentially affording confidentiality protection to one or more of the insureds with respect to an item of information, might also afford such protection to one or more of the insurers with respect to such item of information, shall not be a basis for refusing to disclose such information in this action.

 b. The restrictions and obligations set forth in this Order shall not operate (i) to restrict disclosure of information to, or use of information outside the context of this action by, a person who is or has been lawfully in possession of such information other than as a result of this action, or (ii) to restrict disclosure or use of information that has become publicly available, or otherwise available to persons not under restriction of confidentiality, other than as a result of a violation of this Order.

 c. Nothing herein shall constrain the right or duty of any of the insurers to comply with all reasonable requests from any Insurance Commissioner or comparable government regulatory body or agency having proper jurisdiction.

 d. Information designated as Confidential Material and disclosed in this action shall remain subject to this Order unless and until either (i) the person making the designation, expressly in writing or on the record in a deposition or in open court, consents to waive or withdraw the designation or (ii) the Court overrules the designation. A party to whom information designated as Confidential Material has been

---

[‡] Including, e.g.: undue burden; lack of relevance; or privileges that, as to any particular item(s) of information, afford confidentiality protections exclusively to one of the insurers (i.e., not to any of the insureds).

1  disclosed shall not be obligated to challenge the propriety of that designation at the time
2  the designation is made, and a failure to do so shall not preclude a subsequent challenge
3  thereto. If such party disagrees at any stage of these proceedings with the designation,
4  then it and the person that made the designation shall try first to resolve such dispute in
5  good faith on an informal basis.  If the dispute cannot be resolved, either disputant may
6  seek appropriate relief from the Court, with the person making the designation having
7  the burden of proving that the information should be treated as Confidential Material.

8        e.    This Order shall be without prejudice to the rights of the insureds and the
9  insurers, with notice to one another, to petition the Court, under Rule 26(c) of the
10 Federal Rules of Civil Procedure or otherwise, to modify this Order or enter additional
11 protective orders that include restrictions differing from those specified herein.

12       f.    No rule of construction requiring interpretation against the draftsman, or
13 against a party who has caused an uncertainty to exist, shall apply in the interpretation
14 hereof.

15       g.    This Order shall survive the final termination of this action, and the Court
16 shall retain jurisdiction to resolve any dispute concerning the disclosure or use of
17 information disclosed hereunder.

| | |
|---|---|
| Dated: October 16, 2012 | SELTZER CAPLAN McMAHON VITEK<br>A Law Corporation<br><br>By:   /s/ David J. Zubkoff<br>     David J. Zubkoff, Esq.<br>     Kathryn B. Quarles, Esq.<br>Attorneys for Defendant EXECUTIVE RISK INDEMNITY INC. |
| Dated: October 29, 2012 | GAGLIONE, DOLAN & KAPLAN<br><br>By:   /s/ Craig D. Aronson (with permission)<br>     Craig D. Aronson, Esq.<br>     Lindsay McMenamin, Esq.<br>Attorneys for Plaintiff MARKEL INSURANCE COMPANY |

28 ///

# ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that the Court adopts the foregoing stipulation as its Order.

Dated: <u>Nov. 5, 2012</u>

_____
MARC L. GOLDMAN
U.S. Magistrate Judge

# Attachment A
# NON-DISCLOSURE AGREEMENT

I, _____, declare that: I have received a copy of the Stipulation and Protective Order ("Protective Order") – to which this Non-Disclosure Agreement is attached – in the matter entitled *Markel Insurance Company v. Executive Risk Indemnity Inc.,* Case No. SACV12-509, United States District Court, Central District of California, and have familiarized myself with the Protective Order's terms. I agree to comply with and be bound by the terms and conditions of the Protective Order, and I consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

Dated: _____   By: _____